# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| | : Case No. 10-12139 (_____) |
| ASDI, Incorporated, | : |
| | : |
| Debtor. | : **Hearing Date: TBD** |
| | : **Objection Deadline: TBD** |

## APPLICATION OF DEBTOR PURSUANT TO 11 U.S.C. § 327(a) FOR AUTHORITY TO EMPLOY AND RETAIN CIARDI CIARDI & ASTIN AS COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE

ASDI, Incorporated, the above-captioned debtor and debtor in possession (the "Debtor"), hereby applies (the "Application") pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authority to employ and retain Ciardi Ciardi & Astin ("Ciardi") as counsel for the Debtor *nunc pro tunc* to the Petition Date (defined herein), and in support hereof, respectfully represents as follows:

### Introduction

1. On the date herein (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor continues to manage and operate its business as debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. This Court has jurisdiction to hear the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for the relief requested herein is section 327(a) of the Bankruptcy Code.

## Background

5. The factual background of the Debtor, including its business operations, its capital and debt structure, and the events leading to the filing of this bankruptcy case, is set forth in detail in the Declaration of Ronald Paloni in Support of Debtor's Chapter 11 Petition and First Day Relief (the "First Day Declaration"), filed concurrently herewith and fully incorporated herein by reference.[1]

## Relief Requested

6. By this Application, the Debtor seeks to employ and retain Ciardi pursuant to section 327(a) of the Bankruptcy Code as its counsel in connection with the commencement and prosecution of the above-captioned bankruptcy case, effective as of the Petition Date.

## Basis for Relief

7. The Debtor seeks to retain Ciardi as its counsel because of Ciardi's extensive general experience and knowledge, and in particular, its recognized expertise in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, its expertise, experience and knowledge practicing before the United States Bankruptcy Court for the District of Delaware, its proximity to this Court, its ability to respond quickly to emergency hearings and other emergency matters in this Court, and because Ciardi's appearance before this Court for the applications, motions and other matters in this chapter 11 case will be efficient and cost effective for the Debtor's estate. The Debtor believes that Ciardi is both well-qualified and uniquely able to represent it in this case in a most efficient and timely manner.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

8. The services of Ciardi are necessary to enable the Debtor to execute faithfully its duties as debtor and debtor in possession. Subject to Court approval, the professional services that Ciardi will be required to render, shall include (but shall not be limited to):

    (a) taking all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtor's estate;

    (b) providing legal advice with respect to the Debtor's powers and duties as debtor in possession in the continued operation of its businesses and management of its properties;

    (c) negotiating, preparing and pursuing confirmation of a plan and approval of a disclosure statement;

    (d) preparing on behalf of the Debtor, as debtor in possession, necessary motions, applications, answers, orders, reports, and other legal papers in connection with the administration of the Debtor's estate;

    (e) appearing in Court and to protect the interest of the Debtor before the Court;

    (f) assisting with any disposition of the Debtor's assets, by sale or otherwise; and

    (g) performing all other legal services in connection with this chapter 11 case as may reasonably be required.

9. It is necessary that the Debtor employs attorneys to render the foregoing professional services. Ciardi has stated its desire and willingness to act in this case and render the necessary professional services as attorneys for the Debtor.

10. Prior to the Petition Date, Ciardi was retained by the Debtor to provide bankruptcy advice, including assisting in the preparation of the requisite petitions, pleadings, exhibits, lists and schedules in connection with the commencement of these cases. The Debtor believes Ciardi has the necessary background to deal effectively and efficiently with many of the potential legal issues and problems that may arise in the context of these cases. The Debtor

believes that Ciardi is both well-qualified and uniquely able to represent the Debtor in a most efficient and timely manner.

11. Representation for the purposes delineated above is in accordance with section 327(a) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code provides for the appointment of counsel where the proposed counsel does not possess any interest materially adverse to the Debtor with regard to the matters that will be handled by counsel and where counsel are disinterested persons.

12. To the best of the Debtor's knowledge, and except as disclosed herein and in the annexed declaration of John D. McLaughlin (the "McLaughlin Declaration"), Ciardi does not hold or represent any interest or connection adverse to the Debtor, its estate, its creditors, any other party in interest, or the Debtor's professionals. Ciardi is a "disinterested person" as defined in the Bankruptcy Code.

13. Accordingly, the Debtor submits that Ciardi's representation of the Debtor is permissible under section 327(a) of the Bankruptcy Code and is in the best interest of all creditors of the estate.

### Retainer

14. The Debtor desires to retain Ciardi under an evergreen retainer because of the extensive legal services that may be required and the fact that the nature and extent of such services are not known at this time. Ciardi was retained on or about June 28, 2010, pursuant to the terms of an engagement agreement executed by the Debtor (the "Engagement Agreement"). Pursuant to the Engagement Agreement, Ciardi received a retainer in the amount of $40,000 (the "Retainer"), in connection with the planning and preparation of a chapter 11 filing and the post-petition representation of the Debtor. A part of the Retainer was applied to outstanding balances

existing as of the Petition Date. The remainder of the Retainer will constitute an evergreen retainer as security for post-petition services and expenses.

## Notice

15. Notice of this Application has been provided to the Office of the United States Trustee for the District of Delaware, the Debtors' 20 largest creditors, and all parties requesting notices pursuant to Bankruptcy Rule 2002. The Debtor submits that no other or further notice needs be provided.

## Conclusion

WHEREFORE, the Debtor respectfully requests the relief requested herein and such other and further relief as is just and proper.

Dated: 07-01-10

ASDI, INC.

_____
Ronald Paloni, President